**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | : : : : | |
|  | : | **OPINION** |
| Plaintiff, | : | |
|  | : | Civil Action No. 06-4742 (WHW) |
| v. | : | |
|  | : | |
| PRISCILLA SILVA a/k/a PRISCILLA GOMEZ and HERMINIA MARTINEZ f/k/a HERMINIA SILVA, | : : : | |
|  | : | |
| Defendants. | ; | |

**Walls, Senior District Judge**

     Plaintiff, The Prudential Insurance Company of America ("Prudential"), moves for entry of default judgment, pursuant to Federal Rule of Civil Procedure 55(b), against Defendant Herminia Martinez f/k/a Herminia Silva ("Herminia Martinez"). Herminia Martinez has not opposed this motion. Pursuant to Federal Rule of Civil Procedure 78, this motion is decided without oral argument. The motion is granted.

### FACTS AND PROCEDURAL BACKGROUND

     Plaintiff, Prudential, a New Jersey Corporation, with its principal place of business in Newark, New Jersey, is a provider of life insurance. Defendant Priscilla Silva a/k/a Priscilla Gomez ("Priscilla Silva"), the surviving spouse of decedent Gilbert A. Silva, is a resident of New Mexico. Defendant Herminia Martinez, the ex-wife of decedent Gilbert A. Silva, is a resident of Michigan.

-1-

**NOT FOR PUBLICATION**

This matter arises out of a life insurance policy providing Gilbert Silva with $120,000.00 worth of coverage at the time of his death on December 22, 2005. Five years earlier, on February 11, 2000, Gilbert Silva had entered into a divorce settlement (the "Marital Settlement Agreement") with Defendant Herminia Martinez. This agreement provided that Herminia Martinez would receive a $10,000 share of the benefits from Gilbert Silva's life insurance policy if he were to die in the first year following the Marital Settlement Agreement, $5,000 if he died in the year after that, and $2,000 if he died in the third year following the agreement. (Compl. Ex. C (Marriage Settlement Agreement) at ¶ 20 (Dkt. Entry No. 1-4, filed Sept. 3, 2006).) A few months after signing the Marital Settlement Agreement, Gilbert Silva completed a Beneficiary Designation Form designating 91% of the benefit of his life insurance policy for Eugenio Arellano, Jr., and 9% of the benefit for Herminia Martinez. (Compl. Ex. D (Beneficiary Designation) (Dkt. Entry No. 1-4, filed Sept. 3, 2006).) At some point after his divorce, Gilbert Silva married Defendant Priscilla Silva. (Compl. at ¶ 2 (Dkt. Entry No. 1-1, filed Sept. 03, 2006).)

After Gilbert Silva's death, Prudential paid $111,814.16 (91% of the $120,000 death benefit, plus interest) to Eugenio Arellano, Jr. (Id. at ¶ 14.) Wary of potential double liability, Prudential filed this interpleader on October 5, 2006 to determine the proper beneficiary of the remaining $10,800.00 (9% of the death benefit, not including any accrued interest). (Id. at ¶ 15.) Service was made personally on both Defendants in March of 2007. (Summons Returned Executed (Dkt. Entries 5–6, filed Mar. 22, 2007).) While Priscilla Silva answered on April 2, 2007, Herminia Martinez did not answer or otherwise respond to the complaint. On February 25,

NOT FOR PUBLICATION

2008, Plaintiff requested the Clerk of the Court enter default against Defendant Herminia

Martinez; on February 26, 2008 the request was granted and default was entered.   On March 14,

2008, Prudential filed this motion for entry of default judgment against Defendant Herminia

Martinez.  Notice of this motion and all supporting papers were served on Defendant Herminia

Martinez by overnight mail.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs the Court's entry of default judgment.

The party against whom default judgment is requested must have been properly served with

process. Fed. R. Civ. P. 55(b)(2); Local Union No. 98, Int'l Bd. of Elec. Workers v. Cableco,

Inc., No. 99-755, 1999 WL 269903, at * 1 (E.D. Pa. Apr. 28, 1999).  Before a default judgment

may be entered by the court, the moving party must have obtained an entry of default pursuant to

Rule 55(a).  See 10A Wright, Miller, & Kane, Federal Practice and Procedure, § 2682, at 13 (3d

ed.1998).

A party seeking default judgment is not entitled to such relief as a matter of right, even

where the defendant was served with process, and where the default has been noted pursuant to

Rule 55(a). See, e.g., Cableco, Inc., 1999 WL 269903, at * 1 (citing Petrucelli v. Bohringer &

Ratzinger, 46 F.3d 1298, 1303 (3d Cir. 1995)). The district court has the discretion to enter

default judgment, although entry of default judgments is disfavored as decisions on the merits are

preferred. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984). Thus, when considering a

motion for default judgment, a court may consider the following factors: the potential amount of

damages; whether issues of material fact or substantial public concern are implicated; whether

NOT FOR PUBLICATION

the default is primarily technical; whether the moving party has been substantially prejudiced by the delay involved; whether the grounds for default are clearly established or in doubt; whether the default was attributable to good faith, mistake, or excusable neglect; and whether the court may later be obliged to set aside the default. Franklin v. Nat'l Maritime Union of Am., No. 91-0480, 1991 WL 131182, at *1 (D.N.J. July 16, 1991), aff'd, 972 F.2d 1331 (3d Cir. 1992) (citing 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 2685 (2d ed. 1983)); see also Poulis v. State Farm & Casualty Co., 747 F.2d 863, 868-70 (3d Cir. 1984) (using a similar test to evaluate the propriety of entering default judgment). No single factor is determinative and entry of default may be appropriate even if some of the factors are not met.  See Mindek v. Rigaitti, 964 F.2d 1369, 1373 (3d Cir. 1992).

### JURISDICTION

Before entry of default judgment the district court should assure itself it has jurisdiction over the subject matter and the person.  Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986).  Plaintiff need only make a prima facie showing of jurisdiction.  D'Onofrio v. Mattino, 430 F. Supp. 2d 431, 438 (E.D. Pa. 2006).  For an interpleader action brought under 28 U.S.C. § 1335, there must be minimal diversity between the adverse claimants and an amount in controversy exceeding $500.00.  28 U.S.C. § 1335; see also 14 Wright, Miller, & Kane, Federal Practice and Procedure § 3636 (3d ed. 1998).  According to the complaint, Herminia Martinez is a resident of Michigan and Priscilla Silva is a resident of New Mexico.  (Compl. ¶¶ 2–3.)  The amount in controversy exceeds $500.00.  (Id. at ¶ 15.)  Since both requirements appear to be met, subject matter jurisdiction exists.  Personal jurisdiction exists through the national service of

**NOT FOR PUBLICATION**

process provisions of 28 U.S.C. § 2361 as Defendant Martinez was personally served within the United States.  See 28 U.S.C. § 2361; see also, e.g., The Prudential Insurance Company of America v. Bare, No. 06-4131, 2007 U.S. Dist. LEXIS 72600, at * 4 (D.N.J. Sept. 28, 2007).

**ANALYSIS**

The initial complaint in this action was filed against Defendant Herminia Martinez on October 5, 2006.  On March 7, 2007, she was served personally and, on February 26, 2008, the Clerk of the Court entered default against her.  This motion, which was sent by overnight mail to Defendant Herminia Martinez, was filed with the Court on March 14, 2008.  In the more than eighteen months since the complaint, and nearly three months since the entry of default, this Defendant has not made any appearance or pleading with the Court.  This Court, therefore, finds that default judgment is appropriate, under Fed. R. Civ. P. 55(b)(2). The effect of this order is that Herminia Martinez forfeits any rights to the proceeds of the insurance policy of Gilbert Silva.

**CONCLUSION**

For the preceding reasons, Prudential's motion for judgment by default is granted.

**s/William H. Walls**
United States Senior District Judge

**Appearances**

Julie E. Von Bevern, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
33 Washington Street
Newark, NJ 07102

Attorney for Plaintiff The Prudential Insurance Company of America